# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| WILLIAM BRIGGS,<br>　　　　Plaintiff,<br>　　v.<br><br>THE HARTFORD FINANCIAL<br>SERVICES GROUP, INC., et al.,<br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL NO. 07-CV-5190 |

# FILED

JUL 3 1 2009

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

**AND NOW**, this 31st day of July 2009, upon consideration of Plaintiff's Motion for Order Approving Final Settlement and Certifying the Settlement Class in the above captioned action [Doc. No. 26], and the related filings and affidavits of the parties, as well as the February 6, 2009, Court Order Preliminarily Approving the Stipulation of Settlement Pending a Fairness Hearing and Approving Notice to Class Members [Doc. No. 21], and having carefully considered the testimony and argument presented at the Fairness Hearing held in this matter on June 8, 2009, for the reasons set forth in detail in the Memorandum that accompanies this Order and without objection from any member of the proposed class, the Court finds and concludes as follows:

1.　The parties have to date complied with all aspects of the Court Order of February 6, 2009, including by providing notice of this action and proposed settlement to class members in advance of the Fairness Hearing held herein;

2.　The notice provided to proposed settlement class members was adequate, as it satisfied the relevant requirements of due process and Fed. R. Civ. P. 23;

3.　The proposed settlement class is so numerous that joinder of all its members is impracticable;

4.      There are questions of law or fact common to the proposed settlement class;

5.      William Briggs's claims are typical of the proposed settlement class;

6.      William Briggs will fairly and adequately represent the interest of the proposed settlement class because his interests align with, and are not antagonistic to, the interests of other class members, and because he has retained counsel whose skill and experience are adequate for the task;

7.      The questions of law or fact common to proposed class members predominate over questions of law or fact affecting only certain proposed settlement class members;

8.      The proposed class treatment is superior to available alternatives in terms of fairness and efficiency in adjudication;

9.      The settlement agreement of the proposed settlement class and Defendants is fair, reasonable, and adequate;

10.     The requested attorneys' fee award, attorneys' cost reimbursement, and incentive award for William Briggs, are appropriate and reasonable.

Therefore, it is hereby **ORDERED** that:

1.      The settlement class, defined as follows, is **CERTIFIED**:

All those persons injured in motor vehicle accidents as the result of the negligence of an underinsured driver as defined at 75 Pa.C.S.A. 1701 et seq. from December 3, 2003, to the present while occupants of motor vehicles insured under a personal motor vehicle policy of insurance issued by Hartford, providing coverage under, inter alia, Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A 1701 et seq., where Rejection of Underinsured Motorist Protection form PA-ARP-UM-37-00, PA-AR-SC-37-08-05 or PA-AR-SR-37-08-05 was executed before an accident with an underinsured motorist.  The Class shall be limited to those individuals whose UIM claim occurred on or after December 3, 2003 subject to Pennsylvania Statute of Limitations.  The Class does not include any insured of Hartford where UIM rejection form DRA-838-0

or PA-AR-SR-37-06-07 was executed prior to an accident with an underinsured motorist or whose UIM claim has already been adjusted up to the bodily injury limits in the applicable policy.

2.      The Order Preliminarily Approving the Stipulation of Settlement [Doc. No. 21], is approved and shall become final;

3.      Final judgment shall be entered in this action, disposing of the claims of the representative plaintiff William Briggs and the settlement class against Defendants; and,

4.      The Court retains jurisdiction over the implementation, enforcement and performance of the settlement agreement approved herein.


It is so **ORDERED**.


                                    **BY THE COURT:**

                                    CYNTHIA M. RUFE, J.